IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| GREGORIO AND MARIA HERNANDEZ,<br>　　　Plaintiffs | § § § § | |
| v. | § § | Civil Action No. 2:15-cv-00092 |
| STATE FARM LLOYDS,<br>　　　Defendant | § § § | |

### DEFENDANT'S NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendant State Farm Lloyds ("State Farm") files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446(a) and respectfully show the following:

*Procedural Background*

1.　On June 29, 2015, Plaintiffs Gregorio and Maria Hernandez ("Plaintiffs") filed their Original Petition ("Original Petition") styled Cause No. 15-06-31592-MCV; *Gregorio and Maria Hernandez v. State Farm Lloyds;* In the 293rd Judicial District Court, Maverick County, Texas. State Farm was served with citation on August 3, 2015.

*Nature of the Suit*

2.　This lawsuit involves a dispute over State Farm's alleged handling of Plaintiffs' insurance claim for storm related damages sustained by their property located at 1333 Paseo De Encinal Dr., Eagle Pass, Texas 78852. Plaintiffs claim State Farm breached the insurance contract, the duty of good faith and fair dealing, and an alleged fiduciary duty, committed negligence, unfair insurance practices, misrepresentation and fraud by negligent misrepresentation, and violated the Texas Insurance Code and DTPA. Plaintiffs seek actual

1

damages, consequential damages, statutory damages, treble damages, mental anguish damages, exemplary damages, attorneys' fees, pre- and post-judgment interest, and other litigation expenses and costs of court, as well as statutory penalties for the alleged violations of the Prompt Payment Act.

### *Basis for Removal*

3. Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. There is complete diversity of citizenship between the parties. At the time Plaintiffs filed their Original Petition on June 29, 2015, and as of the date of filing this Notice, State Farm was an unincorporated insurance association whose underwriters were and all citizens of states other than Texas. Accordingly, at the time of filing of this suit, and through the filing of this Notice, State Farm was and is considered an out-of-state citizen for diversity jurisdiction purposes.

5. Upon information and belief, Plaintiffs were citizens of Texas when they filed their Original Petition, and continue to be citizens of Texas. (*See* Plaintiffs' Original Petition, ¶ 3.)

6. Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs. While Plaintiffs do not specify the precise amount of damages sought, they allege that they are seeking between $100,000 and $200,000 in damages. (*See* Plaintiffs' Original Petition, ¶ 70.)

7.      In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, ... penalties, statutory damages, and punitive damages,"[1] when the insurer could be liable for those sums under state law. Here, Plaintiffs claim that their home, which they insured through State Farm, suffered "incredible damage."[2] Plaintiffs further allege that State Farm breached the insurance contract when it underpaid the damages to Plaintiffs' property allegedly caused by storm-related conditions.[3] Plaintiffs seek damage for breach of contract under their insurance contract,[4] identified as Policy Number "83-C9-0394-6." Policy Number 83-C9-0394-6 is a Homeowner's Policy with coverage limits of $83,660.00 for the Dwelling, $62,745.00 for the contents (personal property), and coverage for the actual amount of loss of use.

8.      Further, Plaintiffs seek actual and consequential damages for their claim of breach of contract.[5] Plaintiffs also seek treble damages, exemplary damages, and attorneys' fees.[6] Thus, given the Policy involved in Plaintiffs' claim, the nature of Plaintiffs' claims, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

9.      Additionally, Plaintiffs sent State Farm a demand letter dated January 22, 2015 explaining Plaintiffs' alleged entitlement to $152,933.01 in actual damages, the allowance of the

---

[1] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).
[2] *See* Plaintiffs' Original Petition at ¶ 8.
[3] *Id.* at ¶ 26-29.
[4] *Id.* at ¶¶ 7, 26-29.
[5] *Id.* at ¶ 29.

3

imposition of treble actual damages based on State Farm's alleged "knowing" and "intentional" violations of the Texas DTPA and Insurance Code (an additional $305,866.02), and $8,500.00 in attorney's fees. Accordingly, Plaintiffs themselves believe that at least $467,299.03 is at issue in this suit. Courts consider plaintiffs' demand letters in ascertaining the amount in controversy.[7]

### *The Removal is Procedurally Correct*

10.    State Farm was served with the Original Petition on August 3, 2015. Therefore, State Farm filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

11.    Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district.

12.    Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

13.    Pursuant to 28 U.S.C. §1446(d), promptly after State Farm files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiffs, the adverse party.

14.    Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk of Maverick County, Texas, promptly after State Farm files this Notice.

WHEREFORE, STATE FARM LLOYDS requests that this action be removed from the 293rd District Court of Maverick County, Texas to the United States District Court for the

---

[6] *Id.* at ¶¶ 29, 39, 45-46.
[7] *See, e.g., Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 761–62 (5th Cir.2000) (holding demand letter constituted an "other paper" for ascertaining amount in controversy).

Western District of Texas, Del Rio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

*[signature]*

Mark A. Lindow
Attorney in Charge
State Bar No. 12367875
LINDOW ▪ STEPHENS ▪ TREAT LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
mlindow@lstlaw.com

Of Counsel:

Christopher A. Lotz
State Bar No. 24031630
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsimile)
clotz@lstlaw.com

*Counsel for Defendant State Farm Lloyds*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, Del Rio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this 26th day of August, 2015, addressed to Plaintiffs' counsel of record below.

Bill Voss
Scott Hunziker
Chris Schleiffer
THE VOSS LAW FIRM, P.C.
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380

_____
Mark A. Lindow